**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **John Louis Turner, Jr.,** ) | **CASE NO. 1:16 CV 1309** |
| ) | |
| **Plaintiff,** ) | **JUDGE PATRICIA A. GAUGHAN** |
| ) | |
| v. ) | |
| ) | <u>**Memorandum of Opinion and Order**</u> |
| **Timothy J. McGinty,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

**INTRODUCTION**

*Pro se* Plaintiff John Louis Turner, Jr. filed this action under 42 U.S.C. § 1983 against Cuyahoga County Prosecutor Timothy J. McGinty, Cuyahoga County Court of Common Pleas Judge John D. Sutula, former Cuyahoga County Sheriff Frank Bova, Lake County Prosecutor Charles E. Coulson, and Lake County Court of Common Pleas Judge Eugene A. Lucci. In the Complaint, Plaintiff alleges errors were made in the course of his criminal trials in Cuyahoga County in 2013 and in Lake County in 2015. He seeks monetary relief.

**BACKGROUND**

Plaintiff challenges criminal prosecutions in Cuyahoga County and Lake County. With respect to his prosecution in Cuyahoga, he contends McGinty denied him due process by forcing his indictment after his arrest in Solon in 2013, rather than allowing the City Prosecutor to conduct a preliminary hearing in Municipal Court. He alleges Judge Sutula presided over his case and denied various motions, including three motions for self representation and a motion to

reinstate his bond.  He does not allege any wrong-doing by Frank Bova, but contends the Eighth District Court of Appeals indicated that Sheriff Bova was the proper respondent for a state habeas action.  The case was dismissed without prejudice by the prosecutor on the day of trial, May 4, 2016.

Plaintiff's prosecution in Lake County in 2015 resulted in his conviction on charges of theft and intimidation.  Judge Lucci presided over the case and sentenced Plaintiff to eight years and six months incarceration.  He alleges he was arrested in Eastlake, Ohio; however, the charges in Municipal Court were dismissed when Coulson sought and obtained an indictment in Common Pleas Court.  He contends Coulson denied him due process because he did not receive a preliminary hearing in the Municipal Court.  He alleges Judge Lucci denied his motions and would not provide him with copies of 911 tapes.  He also asserts claims for issuance of excessive bail, insufficient evidence, and faulty jury instructions.

**STANDARD OF REVIEW**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.  *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).  A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless.  *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks

"plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

**DISCUSSION**

Judges Sutula and Lucci are immune from suit in this case. Judicial officers are absolutely immune from civil suits for money damages. *Mireles v. Waco*, 502 U.S. 9, 9 (1991); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). They are accorded this broad protection to ensure that the independent and impartial exercise of their judgment in a case is not impaired by the exposure to damages by dissatisfied litigants. *Barnes*, 105 F.3d at 1115. For this reason, absolute immunity is overcome only in two situations: (1) when the conduct alleged is performed at a time when the Defendant is not acting as a judge; or (2) when the conduct alleged, although judicial in nature, is taken in complete absence of all subject matter jurisdiction of the court over which he or she presides. *Mireles*, 502 U.S. at 11-12; *Barnes*, 105 F.3d at 1116. *Stump*, 435 U.S. at 356-57. A judge will not be deprived of immunity even if the

action he or she took was performed in error, done maliciously, or was in excess of his or her authority. The claims against Judge Sutula and Judge Lucci are based solely on decisions they made in the course of presiding over criminal cases. Criminal cases are within the subject matter jurisdiction the Common Pleas Court. They are, therefore, absolutely immune from suits for damages.

Prosecutors McGinty and Coulson are likewise immune. Prosecutors are entitled to absolute immunity from damages for initiating a prosecution and in presenting the state's case. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *Pusey v. Youngstown*, 11 F.3d 652, 658 (6th Cir. 1993). A prosecutor must exercise his or her best professional judgment both in deciding which suits to bring and in conducting them in court. *Skinner v. Govorchin*, 463 F.3d 518, 525 (6th Cir. 2006). This duty could not be properly performed if the prosecutor is constrained in making every decision by the potential consequences of personal liability in a suit for damages. *Id.* These suits could be expected with some frequency, for a Defendant often will transform his resentment at being prosecuted into the attribution of improper and malicious actions to the state's advocate. *Imbler*, 424 U.S. at 424-25; *Skinner*, 463 F.3d at 525. Absolute immunity is, therefore, extended to prosecuting attorneys when the actions in question are those of an advocate. *Spurlock v. Thompson*, 330 F.3d 791, 798 (6th Cir. 2003). Immunity is granted not only for actions directly related to initiating a prosecution and presenting the state's case, but also to activities undertaken "in connection with [the] duties in functioning as a prosecutor." *Imbler*, 424 U.S. at 431; *Higgason v. Stephens*, 288 F.3d 868, 877 (6th Cir. 2002). Plaintiff's claims against Coulson and McGinty are based on their actions in seeking indictments against Plaintiff and in conducting the state's case. They are also entitled to absolute immunity from

suits for damages.

While Sheriff Bova is not immune from suit, Plaintiff has not stated any claims against him.  Plaintiff indicates he named the Sheriff as a Defendant because the Ohio Eighth District Court of Appeals has held that the proper respondent for a state habeas action is the sheriff.  This case, however, is not a state habeas corpus action.  Plaintiff cannot establish the liability of any Defendant absent a clear showing that the Defendant was personally involved in the activities which form the basis of the alleged unconstitutional behavior.  *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Mullins v. Hainesworth*, No. 95-3186, 1995 WL 559381 (6th Cir. Sept. 20, 1995).  Because Plaintiff does not allege facts suggesting Sheriff Bova personally violated his constitutional rights, the claims against him are also dismissed.

**CONCLUSION**

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e).  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

      /s/ Patricia A. Gaughan  
PATRICIA A. GAUGHAN  
United States District Judge

Dated: 6/29/16